IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE:   P. P. A. HOTELS, LLC                              CASE NO. 5:09-bk-76140B
                                                                              Chapter 11

*Debtor-in-Possession*

**UNITED STATES TRUSTEE'S**
**MOTION TO DISMISS OR CONVERT CASE**

Comes the United States Trustee, Nancy J. Gargula ("UST"), by her Trial Attorney, Richard H. Sforzini, Jr., and for her Motion to Dismiss or Convert Case, respectfully states and alleges as follows:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and Local Rule 83.1 of the District Court.

2. This case was commenced by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on December 3, 2009.

3. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that, absent unusual circumstances, when a movant establishes cause, the Court shall either convert to Chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate. The examples listed under § 1112(b) are not exhaustive, and the Court has broad discretion to consider other factors, including lack of good faith in filing, when determining whether to dismiss or convert a Chapter 11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 537 (8th Cir. BAP 2001).

5. At the debtor interview conducted by the UST on December 15, 2009, Harkomal Kaur Dhaliwal, a member of the LLC who participated in the debtor interview on behalf of P.P.A. Hotels, LLC, advised the UST that the Debtor maintains no fire and extended coverage, general liability, or workers compensation insurance to protect the assets of the Debtor, thereby

posing a risk to the estate and to the general public. Cause for dismissal can be established pursuant to 11 U.S.C. § 1112(b)(4)(C).

6. The Debtor filed another Chapter 11 proceeding on February 25, 2009, being Case No. 5:09-bk-70633 in this Court. In that case, the Court entered a Consent Order withdrawing the UST's motion to dismiss or convert that case upon conditions, one of which was that the Debtor, within seven (7) days from entry of that order, provide the UST with proof of adequate insurance coverage on the assets of the estate, with the certificate showing the UST as a certificate holder to be notified in the event of cancellation. The Debtor never provided proof of insurance during the pendency of that case, which was dismissed by the Court on June 23, 2009, upon motion of the Debtor. Despite having knowledge of the need to carry insurance to protect the assets of the estate, the Debtor filed this proceeding without ever having obtained such insurance coverage.

7. Pursuant to 28 U.S.C. § 1930(a)(6), the Debtor is obligated to pay to the UST quarterly fees based on its disbursements for each quarterly period, including any fraction thereof, until the case is converted or dismissed, or a final decree is entered, whichever occurs first. If the case is dismissed or converted, the UST is entitled to judgment against the Debtor for all quarterly fees accruing from date of filing up to the time of dismissal.

8. The UST requests that the following paragraph be incorporated into the order of dismissal or conversion:

> ORDERED that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this order, and simultaneously provide to the United States Trustee an appropriate Affidavit indicating the cash disbursements for the relevant period. If the fee is not paid as hereintofore set out, the United States Trustee will have judgment against the Debtor for the full amount of the quarterly fee, effective ten (10) days from the entry of this Order. And it is further ORDERED that this Court shall retain jurisdiction of this case for enforcement purposes.

WHEREFORE, the UST respectfully requests the entry of an Order dismissing this case, or, alternatively, converting the Chapter 11 case to a case under Chapter 7 conditioned upon the payment of all outstanding quarterly fees, or judgment against the Debtor for the amount of the fees; and further seeks all other proper relief to which the UST may be entitled.

Respectfully Submitted,

NANCY J. GARGULA
UNITED STATES TRUSTEE

CHARLES W. TUCKER
ASSISTANT UNITED STATES TRUSTEE

_____
RICHARD H. SFORZINI, JR., Bar No. 2007320
200 West Capitol, Suite 1200
Little Rock, AR 72201-3344
PH: (501) 324-7357
Email: richard.h.sforzini@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on this 23rd day of December, 2009, I have mailed a copy of the foregoing pleading, by ordinary mail with sufficient postage affixed thereto, to the following party not receiving electronic notification thereof, at its last-known address:

P P A Hotels, LLC
909 South 8th Street
Rogers, AR 72756

_____
RICHARD H. SFORZINI, JR.

- 3 -